UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GALEA,

    Plaintiff,

v.

OLIVER LAW GROUP, P.C.

    Defendant.

Case No:

Hon.

_____

Noah S. Hurwitz (P74063)
NACHTLAW, P.C.
Attorneys for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nhurwitz@nachtlaw.com

_____

## COMPLAINT AND JURY DEMAND

Plaintiff Justin Galea, by and through his attorneys, NACHTLAW, P.C., hereby alleges as follows:

### INTRODUCTION

This is an action for money damages, liquidated damages, punitive damages, costs, attorneys' fees and other relief on behalf of Plaintiff Justin Galea, a paralegal that suffered violations of the Families First Coronavirus Response Act ("FFCRA"), the Emergency Paid Sick Leave Act ("EPLSA") (which is a part of the FFCRA), Michigan Public Act 238 of 2020, MCL 419.401 *et seq*., and the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. as a consequence of his unlawful termination and misclassification as an overtime-exempt paralegal by Defendant Oliver Law Group P.C.

## PARTIES AND JURISDICTION

1. Plaintiff Justin Galea ("Plaintiff") is an individual residing in Allen Park, Michigan, which is located in Wayne County.

2. Defendant Oliver Law Group, P.C. (hereafter "Oliver Law Group") is a company with its registered business address in Troy, Michigan, and is located in Oakland County.

3. The events at issue occurred in Troy, Michigan, which lies in Oakland County and the Eastern District of Michigan.

4. This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff brings his claim pursuant to the Families First Coronavirus Response Act ("FFCRA"), 29 C.F.R. § 826.150(a); Pub. L. No. 116-127, § 5104, 134 Stat. 178 (2020), the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. This Court also has supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367 over Plaintiffs' state law claims.

5. Venue is proper in this Court because Oliver Law Group obligated itself to Plaintiff within the Eastern District of Michigan, Defendant's registered business

2

address is located within the Eastern District of Michigan, and Plaintiff resides within the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Oliver Law Group is a domestic professional corporation law firm in Troy, Michigan.

7. Plaintiff worked as a paralegal at Oliver law Group from approximately April 15, 2019 to January 8, 2020.

8. On or around the evening of January 6, 2021, Plaintiff learned that his father had tested positive for COVID-19.

9. Plaintiff had spent time with his father in the last seven days and sent Oliver Law Group a text message the same day regarding his COVID-19 exposure.

10. Alyson Oliver, the Chief Executive Officer of Oliver Law Group sent Plaintiff a text message stating, "that is fine unless you have symptoms expect you tomorrow-thx! Hope dad is ok!"

11. Oliver Law Group gave Plaintiff a directive contrary to local, state and federal COVID 19-guidance.

12. MCL 419.405(2) states that "an employee who has close contact with an individual who tests positive for COVID-19 or with an individual who displays the principal symptoms of COVID-19 shall not report to work until 1 of the following conditions is met: (a) Fourteen days have passed since the employee last

had close contact with the individual; or (b) The individual with whom the employee had close contact receives a medical determination that they did not have COVID-19 at the time of the close contact with the employee."

13. Being a paralegal and understanding that employers face various legal requirements during the pandemic to protect against the spread of COVID-19, Plaintiff reviewed applicable laws and confirmed that the law firm's OSHA COVID-19 Preparedness Plan directed employees to quarantine in the event of a confirmed COVID-19 exposure.

14. Plaintiff texted Oliver Law Group prior to work on January 7, 2021 and said he had "double checked the work guidelines. Im not supposed to come in until I have negative rapid test. I'll schedule one for today, & I just feel more comfortable working from home today. I just don't wanna put anyone at risk."

15. Oliver Law Group responded "[g]reat pls also get the rapid outlined in the procedure and provide a copy."

16. Plaintiff attempted to work remotely on January 7, 2021 but his accounts were locked out.

17. Oliver Law Group sent Plaintiff a message "I have had your remote access canceled. Pls provide rapid test results per policy."

18. Plaintiff immediately rapid tested and received negative results before noon on January 7, 2021.

19. Oliver Law Group's Office Manager messaged him "I'm glad to hear it was negative. However, per the policy, if the test comes back negative, you are to report to work the same day."

20. Plaintiff reported to the office by 2:00pm and was told that Ms. Oliver wanted to speak with him.

21. Plaintiff met with Ms. Oliver who requested his office key and told him he was "done!"

22. Plaintiff asked "because of COVID?" Ms. Oliver did not respond.

23. At 9:58 a.m. on January 8, 2021, the day after his termination, Plaintiff emailed Ms. Oliver a request for his personnel file.

24. At 10:31 a.m. on January 8, 2021, in response to the personnel file request, Ms. Oliver emailed Plaintiff, "Perhaps I should let the police know about [a crime Plaintiff had allegedly committed]." Ms. Oliver was presumably threatening Plaintiff that she would report him to the police if he decided to pursue legal action against her law firm.

25. At 1:18 p.m. on January 8, 2021, Ms. Oliver emailed Plaintiff, "you should reconsider your efforts to exact revenge for your for-cause termination that you alone are responsible for; and avoid a felony conviction . . .." Again, Ms. Oliver was threatening to report Plaintiff to the police if he decided to pursue legal action against her firm.

5

26. On January 11, 2021, Ms. Oliver emailed Plaintiff a release of legal claims, which Plaintiff did not execute.

27. On or around October 5, 2020, Oliver Law Firm offered to represent Plaintiff in a *pro bono* capacity in his custody matter in Washtenaw County Circuit Court, Case No. 15-001937-DC.

28. Upon his termination, Ms. Oliver claimed that she was terminating Plaintiff based on information that she could not have otherwise known but for her legal representation of Plaintiff in his custody matter.

29. Upon his termination, Ms. Oliver informed Plaintiff that she was withdrawing as his *pro bono* counsel in his custody matter due to the termination.

30. Oliver Law Firm did in fact withdraw as Plaintiff's *pro bono* counsel in his custody matter without Plaintiff's concurrence.

31. As a paralegal with Oliver Law Firm, Plaintiff was designated as "exempt" from overtime and paid a salary for all work performed.

32. Plaintiff worked diligently for Oliver Law Firm outside of normal business hours, including on nights and weekends.

33. Plaintiff routinely prepared court filings from home over the holidays.

34. Plaintiff worked on Fridays while Oliver Law Firm was on a Monday through Thursday schedule.

35. Plaintiff worked on assignments during the evening at the behest of his supervisors.

36. Plaintiff worked outside of normal business hours on a multidistrict litigation matter.

37. Plaintiff answered client calls on his personal cell phone at night and on weekends.

38. Plaintiff consistently and regularly worked more than forty (40) hours per week.

39. Plaintiff did not have an advanced specialized academic degree in paralegal studies.

40. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

## COUNT I
### (VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT, THE FAMILIES FIRST CORONAVIRUS RESPONSE ACT)

41. Plaintiff incorporates all proceeding paragraphs above as though fully stated herein.

42. Oliver Law Firm retaliated against Plaintiff for quarantining in contravention of the FFCRA.

43. Plaintiff's termination violates the FFCRA, which governs employers with less than 500 employees.

44. Notably, the FFCRA states that it is unlawful for any employer to "discharge, discipline, or in any other manner discriminate against any employee" who exercises his rights to "take leave in accordance with this Act." An employer that does so is subject to the penalties described in sections 16 and 17 of the FLSA (29 U.S.C. § 216, 217) with respect to such violation, which include lost wages, an equivalent amount of liquidated damages (*i.e.*, double damages), and attorney's fees and costs.

45. At all relevant times, Oliver Law Group was a covered employer as defined by the EPSLA/FFCRA, and the applicable federal regulations.

46. Plaintiff required leave for "a qualifying need related to a public health emergency."

47. Oliver Law Group interfered with and denied Plaintiff his EPSLA/FFCRA rights as described above and herein, including, but not limited to, discharging Plaintiff from his position in violation of EPSLA/FFCRA.

48. Oliver Law Group's actions were intentional, with deliberate disregard for the rights and sensibilities of Plaintiff.

49. Oliver Law Group's termination of Plaintiff for lawfully quarantining has directly and proximately caused Plaintiff damages, including embarrassment, humiliation, outrage, mental distress and economic loss.

WHEREFORE, Plaintiff is entitled to an award of damages including but not limited to back pay, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## COUNT II
## (VIOLATION OF PUBLIC ACT 238 OF 2020, MCL 419.403)

50. Plaintiff incorporates all proceeding paragraphs above as though fully stated herein.

51. On October 22, 2020, the Michigan legislature passed Public Act 238 of 2020, including MCL 419.403, which creates new protections for employees and is designed to "prohibit an employer from taking certain actions against an employee who does not report to work under certain circumstances related to COVID-19; to prohibit an employee from reporting to work under certain circumstances related to COVID-19; to prohibit discrimination and retaliation for engaging in certain activities; and to provide remedies."

52. MCL 419.403 states that an employer "shall not discharge, discipline, or otherwise retaliate against an employee who (a) complies with the stay-home provisions set forth [in the Act]; (b) Opposes a violation of this act; or (c) Reports health violations related to COVID-19."

9

53. Plaintiff complied with the "stay home provisions" of the Act when he quarantined after being in contact with a person (*i.e.*, his father) who had tested positive for COVID-19.

54. Plaintiff was nevertheless terminated the same day that he reported to Oliver Law Group that he would need to stay home from work due to being in close contact with his father, who had recently tested positive for COVID-19.

55. After Plaintiff requested his personnel file from Oliver Law Group, he was provided with purported legitimate business reasons for his termination—but all the reasons provided by Oliver Law Group were clearly pretextual.

56. MCL 419.407(1) states, "[a]n employee aggrieved by a violation of this act may bring a civil action for appropriate injunctive relief or damages, or both, in the circuit court for the county where the alleged violation occurred or for the county where the employer against whom the action is filed is located or has its principal place of business."

57. MCL 419.407(2) states, "[a] court shall award to a plaintiff who prevails in an action brought under this act damages of not less than $5,000.00."

WHEREFORE, Plaintiff is entitled to an award of damages including but not limited to back pay, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## COUNT III
## (VIOLATION OF THE FAIR LABOR STANDARDS ACT)

58. Plaintiff incorporates all proceeding paragraphs above as though fully stated herein.

59. Plaintiff was employed as a "Paralegal" by Oliver Law Firm from April 15, 2019 through January 8, 2020 and was designated as "exempt" from overtime and paid a salary for all work performed.

60. Plaintiff worked diligently for Oliver Law Firm outside of normal business hours, including on nights and weekends.

61. Plaintiff routinely prepared court filings from home over the holidays.

62. Plaintiff worked on Fridays while Oliver Law Firm was on a Monday through Thursday schedule.

63. Plaintiff worked on nights and weekends.

64. Plaintiff worked after hours on a multidistrict litigation matter.

65. Plaintiff answered client calls on his personal cell phone at night and on weekends.

66. Plaintiff consistently and regularly worked more than forty (40) hours per week.

67. Plaintiff did not have an advanced specialized academic degree in paralegal studies.

68. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

69. Plaintiff was not formulating or implementing management policies, utilizing authority to waive or deviate from established policies, providing expert advice, or planning business objectives in accordance with the dictates of 29 C.F.R. § 541.202(b).

70. Therefore, the work performed by Plaintiff renders him non-exempt.

71. Oliver Law Firm's conduct was willful and in bad faith.

72. At all times relevant to this action, Plaintiff was Oliver Law Firm's employee within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

73. At all times relevant to this action, Oliver Law Firm was the employer of Plaintiff within the meaning of the FLSA.

74. In violation of the FLSA, Oliver Law Firm failed to pay Plaintiff proper overtime compensation for hours he worked in excess of forty (40) hours per week.

75. Oliver Law Firm's conduct in this regard was a willful violation of the FLSA.

76. As a result of Oliver Law Firm's unlawful acts, Plaintiff was deprived of earned wages in amounts to be determined at trial.

WHEREFORE, Plaintiff is entitled to compensation for unpaid overtime wages, interest, liquidated damages, attorneys' fees and costs, and any other remedies available at law or in equity.

## RELIEF REQUESTED

For the foregoing reasons, Plaintiff Justin Galea demands judgment against Oliver Law Group as follows:

a. Declare the practices and actions of Oliver Law Group as illegal under the FFCRA, EPLSA, FLSA and Public Health Michigan's Public Act 238 of 2020.

b. Award compensatory damages for monetary and non-monetary loss in whatever amount he is found to be entitled, including back and front pay, extreme mental and emotional distress, humiliation, outrage, economic damages, loss of employment opportunity, harm to reputation, loss of earning capacity, punitive damages, and any other damages available by law;

c. Award liquidated damages pursuant to the FFCRA and FLSA;

d. An award of interest, costs, and reasonable attorneys' fees; and

e. Whatever other relief this Court finds appropriate.

Respectfully Submitted,
NACHTLAW, P.C.

/s/ *Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
Attorneys for Plaintiff
101 N. Main Street, Suite 555
Ann Arbor, MI 48104
(734) 663-7550

Dated: March 17, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GALEA,

    Plaintiff,                                         Case No.

                                                      Hon.

v.

OLIVER LAW GROUP, P.C.

    Defendant.

_____

Noah S. Hurwitz (P74063)
NACHTLAW, P.C.
Attorneys for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nhurwitz@nachtlaw.com

_____

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff Justin Galea, by and through his attorneys, NachtLaw, P.C., and demands a jury trial for all issues so triable.

                                      Respectfully Submitted,

                                      NACHTLAW, P.C.

                                      /s/ *Noah S. Hurwitz*
                                      Noah S. Hurwitz (P74063)
                                      Attorneys for Plaintiff
                                      101 N. Main Street, Suite 555
                                      Ann Arbor, MI 48104
Dated: March 17, 2021               (734) 663-7550