UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GALEA,

      Plaintiff,                    Case No. 5:21-cv-10604-JEL-RSW

v.                                  Hon. Judith E. Levy

OLIVER LAW GROUP, P.C.,

      Defendant.
_____

| | |
|---|---|
| Noah S. Hurwitz (P74063)<br>NACHTLAW, P.C.<br>Attorneys for Plaintiff<br>101 N. Main Street, Ste. 555<br>Ann Arbor, MI  48104<br>(734) 663-7550<br>jon@markolaw.com | MILLER CANFIELD PADDOCK and STONE, PLC<br>RICHARD W. WARREN (P63123)<br>SCHUYLER FERGUSON<br>(Illinois ARDC No. 6325615)<br>Attorneys for Defendant<br>150 W. Jefferson Ave, Suite 2500<br>Detroit, Michigan  48226<br>(313) 963-6420<br>warren@millercanfield.com<br>ferguson@millercanfield.com |

_____

## ANSWER TO COMPLAINT

NOW COMES the Defendant, Oliver Law Group, P.C., by and through its attorneys, Miller, Canfield, Paddock and Stone, P.L.C., and in answer to Plaintiff's Complaint admit, deny, and allege as follows:

## PARTIES AND JURISDICTION

1.    Plaintiff Justin Galea ("Plaintiff") is an individual residing in Allen Park, Michigan, which is located in Wayne County.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 and thus denies them.**

2.     Defendant Oliver Law Group, P.C. (hereafter "Oliver Law Group") is a company with its registered business address in Troy, Michigan, and is located in Oakland County.

**ANSWER: Defendant admits the allegations contained in Paragraph 2.**

3.     The events at issue occurred in Troy, Michigan, which lies in Oakland County and the Eastern District of Michigan.

**ANSWER: Defendant admits only that Plaintiff's employment with Defendant occurred in Troy, Michigan, which lies in Oakland County and the Eastern District of Michigan.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 3 and thus denies them.**

4.     This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff brings his claim pursuant to the Families First Coronavirus Response Act ("FFCRA"), 29 C.F.R. § 826.150(a); Pub. L. No. 116-127, § 5104, 134 Stat. 178 (2020), the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. This Court also has supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367 over Plaintiffs' state law claims.

**ANSWER: In response to the allegations contained in Paragraph 4, Defendant states that the allegations contained therein constitute legal conclusions to which no response is required, and Defendant thus denies the contents of this Paragraph on that basis and leaves Plaintiff to his proofs.   To the extent an answer is required, Defendant denies the allegations contained in Paragraph 4.**

5.     Venue is proper in this Court because Oliver Law Group obligated itself to Plaintiff within the Eastern District of Michigan, Defendant's registered business address is located within the Eastern District of Michigan, and Plaintiff resides within the Eastern District of Michigan.

**ANSWER: In response to the allegations contained in Paragraph 5, Defendant states that the allegations contained therein constitute legal conclusions to which no response is required, and Defendant thus denies the contents of this Paragraph on that basis and leaves Plaintiff to his proofs.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 5.**

## GENERAL ALLEGATIONS

6.     Oliver Law Group is a domestic professional corporation law firm in Troy, Michigan.

**ANSWER: Defendant admits the allegations contained in Paragraph 6.**

7.     Plaintiff worked as a paralegal at Oliver law Group from approximately April 15, 2019 to January 8, 2020.

**ANSWER: Defendant admits that Plaintiff worked as a case manager at Oliver Law Group, P.C. from April 15, 2019 to January 7, 2021. He performed administrative tasks and exempt duties as a primary and regular function of his position. Defendant denies the remaining allegations contained in Paragraph 7.**

8.     On or around the evening of January 6, 2021, Plaintiff learned that his father had tested positive for COVID-19.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8 and thus denies them.**

9.     Plaintiff had spent time with his father in the last seven days and sent

Oliver Law Group a text message the same day regarding his COVID-19 exposure.

**ANSWER: Defendant admits that around 6:30 p.m. on January 6, 2021, Plaintiff sent a text message to Alyson Oliver, stating, "Bad News, my dad tested positive to covid."  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 9 and thus denies them.**

10.     Alyson Oliver, the Chief Executive Officer of Oliver Law Group sent

Plaintiff a text message stating, "that is fine unless you have symptoms expect you

tomorrow-thx! Hope dad is ok!"

**ANSWER: Defendant admits the allegations contained in Paragraph 10.**

11.     Oliver Law Group gave Plaintiff a directive contrary to local, state, and

federal COVID 19-guidance.

**ANSWER: Defendant denies the allegations contained in Paragraph 11 for the reason that they are untrue.**

12.     MCL 419.405(2) states that "an employee who has close contact with

an individual who tests positive for COVID-19 or with an individual who displays

the principal symptoms of COVID-19 shall not report to work until 1 of the

following conditions is met: (a) Fourteen days have passed since the employee last

had close contact with the individual; or (b) The individual with whom the employee

had close contact receives a medical determination that they did not have COVID-

19 at the time of the close contact with the employee."

**ANSWER: Defendant denies the allegations contained in Paragraph 12 and refers the Court to the statute, which speaks for itself.**

13.     Being a paralegal and understanding that employers face various legal requirements during the pandemic to protect against the spread of COVID-19, Plaintiff reviewed applicable laws and confirmed that the law firm's OSHA COVID-19 Preparedness Plan directed employees to quarantine in the event of the confirmed COVID-19 exposure.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 and thus denies them.**

14.     Plaintiff texted Oliver Law Group prior to work on January 7, 2021 and said he had "double checked the work guidelines. Im not supposed to come in until I have negative rapid test. I'll schedule one for today, & I just feel more comfortable working from home today. I just don't wanna put anyone at risk."

**ANSWER: Defendant admits that Plaintiff sent a text message to Alyson Oliver on January 7, 2021, which stated, "Hey, so I double checked the work guidelines. Im not supposed to come in until I have negative rapid test. I'll schedule one for today, & [I] just feel more comfortable working from home today. I just don't wanna put anyone at risk."   Defendant denies the remaining allegations contained in Paragraph 14.**

15.     Oliver Law Group responded "[g]reat pls also get the rapid outlined in the procedure and provide a copy."

**ANSWER: Defendant admits that Alyson Oliver sent Plaintiff a text message, which stated, "Great pls also get the rapid outlined in the procedure and provide a copy."   Defendant denies the remaining allegations contained in Paragraph 15.**

16.    Plaintiff attempted to work remotely on January 7, 2021 but his

accounts were locked out.

**ANSWER:  Defendant admits that Plaintiff's remote access was canceled on January 7, 2021.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 16 and thus denies them.**

17.    Oliver Law Group sent Plaintiff a message "I have had your remote

access canceled. Pls provide rapid test results per policy."

**ANSWER:  Defendant admits that Alyson Oliver sent Plaintiff a text message, which stated, "I have had your remote access canceled. Pls provide rapid test results per policy."  Defendant denies the remaining allegations contained in Paragraph 17.**

18.    Plaintiff immediately rapid tested and received negative results before

noon on January 7, 2021.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 and thus denies them.**

19.    Oliver Law Group's Office Manager messaged him "I'm glad to hear

it was negative. However, per the policy, if the test comes back negative, you are to

report to work the same day."

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19.**

20.    Plaintiff reported to the office by 2:00pm and was told that Ms. Oliver

wanted to speak with him.

**ANSWER:  Defendant denies that Plaintiff reported to the office by 2:00 p.m. on January 7, 2021.  Defendant lacks knowledge or information**

**sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 20 and thus denies them.**

21.     Plaintiff met with Ms. Oliver who requested his office key and told him

he was "done!"

**ANSWER: Defendant admits that after Plaintiff arrived to work on January 7, 2021, Alyson Oliver notified Plaintiff that she had made the decision to terminate his employment with Defendant.  Defendant further admits that Ms. Oliver requested that Plaintiff turn in his office key.  Defendant denies the remaining allegations contained in Paragraph 21.**

22.     Plaintiff asked "because of COVID?" Ms. Oliver did not respond.

**ANSWER: Defendant admits that Plaintiff asked "because of COVID." Defendant denies the remaining allegations contained in Paragraph 22.**

23.     At 9:58 a.m. on January 8, 2021, the day after his termination, Plaintiff

emailed Ms. Oliver a request for his personnel file.

**ANSWER: Defendant admits that at 9:58 a.m. on January 8, 2021, Plaintiff sent an email to Lindsay Marino, with Alyson Oliver carbon copied, in which he requested a copy of his employee file.**

24.     At 10:31 a.m. on January 8, 2021, in response to the personnel file

request, Ms. Oliver emailed Plaintiff, "Perhaps I should let the police know about [a

crime Plaintiff had allegedly committed]." Ms. Oliver was presumably threatening

Plaintiff that she would report him to the police if he decided to pursue legal action

against her law firm.

**ANSWER: Defendant admits that at 10:31 a.m. on January 8, 2021, Alyson Oliver sent an email to Plaintiff, which stated, "You also forgot to mention your participation in porn that was available to the public**

**with no effort to conceal your identity and our discussions regarding how that impact[ed] my firm.  Also, I forgot to mention that you were selling drugs in my law firm during working hours which I admonished you for; yet again this week you were back at it.  Perhaps I should let the police know about that?  If you want an argument regarding the basis of your termination for cause; you have the wrong person."   Defendant denies the remaining allegations contained in Paragraph 24.**

25.     At 1:18 p.m. on January 8, 2021, Ms. Oliver emailed Plaintiff, "you should reconsider your efforts to exact revenge for your for-cause termination that you alone are responsible for; and avoid a felony conviction . . .." Again, Ms. Oliver was threatening to report Plaintiff to the police if he decided to pursue legal action against her firm.

**ANSWER: Defendant admits that at 1:19 p.m. on January 8, 2021, Alyson Oliver sent an email to Plaintiff, which stated, in part, "You should reconsider your efforts to exact revenge for your for-cause termination that you alone are responsible for; and avoid a felony conviction and even worse positioning in your custody case and in life generally."   Defendant denies the remaining allegations contained in Paragraph 25 because they are untrue.**

26.     On January 11, 2021, Ms. Oliver emailed Plaintiff a release of legal claims, which Plaintiff did not execute.

**ANSWER: Defendant admits the allegations contained in Paragraph 26.**

27.     On or around October 5, 2020, Oliver Law Firm offered to represent Plaintiff in a *pro bono* capacity in his custody matter in Washtenaw County Circuit Court, Case No. 15-001937-DC.

**ANSWER: Defendant admits that Oliver Law Group, P.C.[1] offered to represent Plaintiff in a *pro bono* capacity in his custody matter in Washtenaw County Circuit Court, Case No. 15-001937-DC. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 27 and thus denies them.**

28.     Upon his termination, Ms. Oliver claimed that she was terminating Plaintiff based on information that she could not have otherwise known but for her legal representation of Plaintiff in his custody matter.

**ANSWER: Defendant denies the allegations contained in Paragraph 28.**

29.     Upon his termination, Ms. Oliver informed Plaintiff that she was withdrawing as his *pro bono* counsel in his custody matter due to the termination.

**ANSWER: Defendant denies the allegations contained in Paragraph 29.**

30.     Oliver Law Firm did in fact withdraw as Plaintiff's *pro bono* counsel in his custody matter without Plaintiff's concurrence.

**ANSWER: Defendant admits that Oliver Law Group, P.C. withdrew as Plaintiff's counsel in his custody matter without Plaintiff's concurrence. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 30 and thus denies them.**

---

[1] Paragraphs 27, 30-32, 34, 42, 59-60, 62, and 71-76 of the Complaint refer to "Oliver Law Firm." The Defendant in this lawsuit is "Oliver Law Group, P.C." and is defined as "Oliver Law Group" in Paragraph 2 of the Complaint. Defendant understands that there is an "Oliver Law Firm" located in Livonia, Michigan. Oliver Law Firm is not a party to this lawsuit, and Defendant lacks knowledge or information sufficient to form a belief about the truth of any allegations regarding Plaintiff's dealings with Oliver Law Firm and thus denies them. The undersigned counsel does not represent Oliver Law Firm.

31.     As a paralegal with Oliver Law Firm, Plaintiff was designated as "exempt" from overtime and paid a salary for all work performed.

**ANSWER: Defendant admits that while Plaintiff was employed as a case manager by Oliver Law Group, P.C., Plaintiff was properly designated as "exempt" from overtime and paid a salary for all work performed. Defendant denies that Plaintiff was a paralegal with Oliver Law Group, P.C. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 31 and thus denies them.**

32.     Plaintiff worked diligently for Oliver Law Firm outside of normal business hours, including on nights and weekends.

**ANSWER: Defendant denies Defendant denies that Plaintiff worked diligently for Oliver Law Group, P.C. outside of normal business hours, including on nights and weekends. Plaintiff created records demonstrating that he did not work any hours over 40 in any weeks of his employment with Oliver Law Group, P.C. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 32 and thus denies them.**

33.     Plaintiff routinely prepared court filings from home over the holidays.

**ANSWER: Defendant denies the allegations contained in Paragraph 33. Plaintiff created records demonstrating that he did not work any hours over 40 in any weeks of his employment.**

34.     Plaintiff worked on Fridays while Oliver Law Firm was on a Monday through Thursday schedule.

**ANSWER: Defendant denies that Plaintiff worked on Fridays while Oliver Law Group, P.C. was on a Monday through Thursday schedule. Plaintiff created records demonstrating that he did not work any hours over 40 in any weeks of his employment with Oliver Law Group, P.C. Defendant lacks knowledge or information sufficient**

**to form a belief about the truth of the remaining allegations contained in Paragraph 34 and thus denies them.**

35.    Plaintiff worked on assignments during the evening at the behest of his

supervisors.

**ANSWER: Defendant denies the allegations contained in Paragraph 35. Plaintiff created records demonstrating that he did not work any hours over 40 in any weeks of his employment.  Further, Plaintiff was never asked to work any hours over 40 in one week.**

36.    Plaintiff worked outside of normal business hours on a multidistrict

litigation matter.

**ANSWER: Defendant denies the allegations contained in Paragraph 36. Plaintiff created records demonstrating that he did not work any hours over 40 in any weeks of his employment.**

37.    Plaintiff answered client calls on his personal cell phone at night and

on weekends.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 37 and thus denies them. Plaintiff created records demonstrating that he did not work any hours over 40 in any weeks of his employment.**

38.    Plaintiff consistently and regularly worked more than forty (40) hours

per week.

**ANSWER: Defendant denies the allegations contained in Paragraph 38 and further denies that Plaintiff ever worked more than forty (40) hours in any workweek during his employment with Defendant. Plaintiff created records demonstrating that he did not work any hours over 40 in any weeks of his employment.**

39.   Plaintiff did not have an advanced specialized academic degree in paralegal studies.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 39 and thereby denies them.  Defendant further asserts that one or more exemptions under the FLSA applied to Plaintiff.**

40.   Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

**ANSWER: Defendant denies the allegations contained in Paragraph 40.**

<u>**COUNT I**</u>
**(VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT, THE FAMILIES FIRST CORONAVIRUS RESPONSE ACT)**

41.   Plaintiff incorporates all proceeding paragraphs above as though fully stated herein.

**ANSWER: Defendant incorporates its answers to Paragraphs 1-40 as if fully stated herein.**

42.   Oliver Law Firm retaliated against Plaintiff for quarantining in contravention of the FFCRA.

**ANSWER: In response to the allegations contained in Paragraph 42, Defendant states that the allegations contained therein constitute legal conclusions to which no response is required, and Defendant thus denies the contents of this Paragraph on that basis and leaves Plaintiff to his proofs.  To the extent an answer is required, Defendant denies that Oliver Law Group, P.C. retaliated against Plaintiff for quarantining in contravention of the FFCRA. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 42 and thus denies them.**

43.     Plaintiff's termination violates the FFCRA, which governs employers with less than 500 employees.

**ANSWER: In response to the allegations contained in Paragraph 43, Defendant states that the allegations contained therein constitute legal conclusions to which no response is required, and Defendant thus denies the contents of this Paragraph on that basis and leaves Plaintiff to his proofs.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 43.**

44.     Notably, the FFCRA states that it is unlawful for any employer to "discharge, discipline, or in any other manner discriminate against any employee" who exercises his rights to "take leave in accordance with this Act."  An employer that does so is subject to the penalties described in sections 16 and 17 of the FLSA (29 U.S.C. § 216, 217) with respect to such violation, which include lost wages, an equivalent amount of liquidated damages (*i.e.*, double damages), and attorney's fees and costs.

**ANSWER: In response to the allegations contained in Paragraph 44, Defendant states that the allegations contained therein constitute legal conclusions to which no response is required, and Defendant thus denies the contents of this Paragraph on that basis and leaves Plaintiff to his proofs.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 44.**

45.     At all relevant times, Oliver Law Group was a covered employer as defined by the EPSLA/FFCRA, and the applicable federal regulations.

**ANSWER: In response to the allegations contained in Paragraph 45, Defendant states that the allegations contained therein constitute legal conclusions to which no response is required, and Defendant thus denies the contents of this Paragraph on that basis and leaves**

**Plaintiff to his proofs.   To the extent an answer is required, Defendant denies the allegations contained in Paragraph 45.**

46.   Plaintiff required leave for "a qualifying need related to a public health emergency.

**ANSWER: In response to the allegations contained in Paragraph 46, Defendant states that the allegations contained therein constitute legal conclusions to which no response is required, and Defendant thus denies the contents of this Paragraph on that basis and leaves Plaintiff to his proofs.   To the extent an answer is required, Defendant denies the allegations contained in Paragraph 46.**

47.   Oliver Law Group interfered with and denied Plaintiff his EPSLA/FFCRA rights as described above and herein, including, but not limited to, discharging Plaintiff from his position in violation of EPSLA/FFCRA.

**ANSWER: Defendant denies the allegations contained in Paragraph 47.**

48.   Oliver Law Group's actions were intentional, with deliberate disregard for the rights and sensibilities of Plaintiff.

**ANSWER: Defendant denies the allegations contained in Paragraph 48.**

49.   Oliver Law Group's termination of Plaintiff for lawfully quarantining has directly and proximately caused Plaintiff damages, including embarrassment, humiliation, outrage, mental distress, and economic loss.

**ANSWER: Defendant denies the allegations contained in Paragraph 49.**

## COUNT II
### (VIOLATION OF PUBLIC ACT 238 OF 2020, MCL 419.403)

50.    Plaintiff incorporates all proceeding paragraphs above as though fully stated herein.

**ANSWER: Defendant incorporates its answers to Paragraphs 1-49 as if fully stated herein.**

51.    On October 22, 2020, the Michigan legislature passed Public Act 238 of 2020, including MCL 419.403, which creates new protections for employees and is designed to "prohibit an employer from taking certain actions against an employee who does not report to work under certain circumstances related to COVID-19; to prohibit discrimination and retaliation for engaging in certain activities; and to provide remedies."

**ANSWER: Defendant admits that on October 22, 2020, Michigan Governor Gretchen Whitmer signed Public Act 238 of 2020, including MCL 419.403, which is "AN ACT to prohibit an employer from taking certain actions against an employee who does not report to work under certain circumstances related to COVID-19; to prohibit discrimination and retaliation for engaging in certain activities; and to provide remedies."   Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 51 and thereby denies them.**

52.    MCL 419.403 states that an employer "shall not discharge, discipline, or otherwise retaliate against an employee who (a) complies with the stay-home provisions set forth [in the Act]; (b) Opposes a violation of this act; or (c) Reports health violations related to COVID-19."

15

**ANSWER: Defendant denies the allegations contained in Paragraph 52 and refers the Court to the statute, which speaks for itself.**

53.     Plaintiff complied with the "stay home provisions" of the Act when he quarantined after being in contact with a person (*i.e.*, his father) who had tested positive for COVID-19.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 53 and thus denies them.**

54.     Plaintiff was nevertheless terminated the same day that he reported to Oliver Law Group that he would need to stay home from work due to being in close contact with his father, who had recently tested positive for COVID-19.

**ANSWER: Defendant admits the allegations contained in Paragraph 54.**

55.     After Plaintiff requested his personnel file from Oliver Law Group, he was provided with purported legitimate business reasons for his termination—but all the reasons provided by Oliver Law Group were clearly pretextual.

**ANSWER: Defendant admits that Plaintiff was provided with the legitimate business reasons for his termination.    Defendant denies the remaining allegations contained in Paragraph 55.**

56.     MCL 419.407(1) states, "[a]n employee aggrieved by a violation of this act may bring a civil action for appropriate injunctive relief or damages, or both, in the circuit court for the county where the alleged violation occurred or for the county where the employer against whom the action is filed is located or has its principal place of business."

**ANSWER:  Defendant admits the allegations contained in Paragraph 56.**

57.    MCL 419.407(2) states, "[a] court shall award to a plaintiff who prevails in an action brought under this act damages of not less than $5,000.00."

**ANSWER:  Defendant admits the allegations contained in Paragraph 57.**

<u>**COUNT III**</u>
**(VIOLATION OF THE FAIR LABOR STANDARDS ACT)**

58.    Plaintiff incorporates all proceeding paragraphs above as though fully stated herein.

**ANSWER:  Defendant incorporates its answers to Paragraphs 1-57 as if fully
                 stated herein.**

59.    Plaintiff was employed as a "Paralegal" by Oliver Law Firm from April 15, 2019 through January 8, 2020 and was designated as "exempt" from overtime and paid a salary for all work performed.

**ANSWER:  Defendant denies that Plaintiff was employed as a Paralegal by
                 Oliver Law Group, P.C.  Defendant admits that Plaintiff was
                 employed as a case manager by Oliver Law Group, P.C. from April
                 15, 2019 through January 7, 2021.  Defendant further admits that
                 Plaintiff was exempt from overtime pay and was paid a salary for
                 all work performed for Oliver Law Group, P.C.  Defendant lacks
                 knowledge or information sufficient to form a belief about the truth
                 of the remaining allegations contained in Paragraph 59 and thus
                 denies them.**

60.    Plaintiff worked diligently for Oliver Law Firm outside of normal business hours, including on nights and weekends.

**ANSWER:  Defendant denies that Plaintiff worked diligently for Oliver Law
                 Group, P.C. outside of normal business hours, including on nights**

and weekends.  **Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 60 and thus denies them.**

61.    Plaintiff routinely prepared court filings from home over the holidays.

**ANSWER: Defendant denies all allegations contained in Paragraph 61.**

62.    Plaintiff worked on Fridays while Oliver Law Firm was on a Monday through Thursday schedule.

**ANSWER: Defendant denies that Plaintiff worked on Fridays while Oliver Law Group, P.C. was on a Monday through Thursday schedule. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 62 and thus denies them.**

63.    Plaintiff worked on nights and weekends.

**ANSWER: Defendant denies all allegations contained in Paragraph 63.**

64.    Plaintiff worked after hours on a multidistrict litigation matter.

**ANSWER: Defendant denies all allegations contained in Paragraph 64.**

65.    Plaintiff answered client calls on his personal cell phone at night and on weekends.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 65 and thus denies them.**

66.    Plaintiff consistently and regularly worked more than forty (40) hours per week.

**ANSWER: Defendant denies the allegations contained in Paragraph 66 and further denies that Plaintiff ever worked more than forty (40) hours in any workweek during his employment with Defendant.**

67.    Plaintiff did not have an advanced specialized academic degree in paralegal studies.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 67 and thus denies them.**

68.    Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

**ANSWER: Defendant denies the allegations contained in Paragraph 68.**

69.    Plaintiff was not formulating or implementing management policies, utilizing authority to waive or deviate from established policies, providing expert advice, or planning business objectives in accordance with the dictates of 29 C.F.R. § 541.202(b).

**ANSWER: In response to the allegations contained in Paragraph 69, Defendant states that the allegations contained therein constitute legal conclusions to which no response is required, and Defendant thus denies the contents of this Paragraph on that basis and leaves Plaintiff to his proofs.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 69.**

70.    Therefore, the work performed by Plaintiff renders him non-exempt.

**ANSWER: In response to the allegations contained in Paragraph 70, Defendant states that the allegations contained therein constitute legal conclusions to which no response is required, and Defendant thus denies the contents of this Paragraph on that basis and leaves Plaintiff to his proofs.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 70.**

71.    Oliver Law Firm's conduct was willful and in bad faith.

**ANSWER: Defendant denies that Oliver Law Group, P.C.'s conduct was willful and in bad faith. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 71 and thus denies them.**

72.    At all times relevant to this action, Plaintiff was Oliver Law Firm's employee within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

**ANSWER: In response to the allegations contained in Paragraph 72, Defendant states that the allegations contained therein constitute legal conclusions to which no response is required, and Defendant thus denies the contents of this Paragraph on that basis and leaves Plaintiff to his proofs. To the extent an answer is required, Defendant admits that from April 15, 2019 to January 7, 2021, Plaintiff was an employee of Oliver Law Group, P.C., and Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 72 and thus denies them.**

73.    At all times relevant to this action, Oliver Law Firm was the employer of Plaintiff within the meaning of the FLSA.

**ANSWER: In response to the allegations contained in Paragraph 73, Defendant states that the allegations contained therein constitute legal conclusions to which no response is required, and Defendant thus denies the contents of this Paragraph on that basis and leaves Plaintiff to his proofs. To the extent an answer is required, Defendant admits that from April 15, 2019 to January 7, 2021, Oliver Law Group, P.C. was Plaintiff's employer, and Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 73 and thus denies them.**

74.    In violation of the FLSA, Oliver Law Firm failed to pay Plaintiff proper overtime compensation for hours he worked in excess of forty (40) hours per week.

**ANSWER: Defendant denies that Oliver Law Group, P.C. failed to pay Plaintiff proper overtime compensation for hours he worked in excess of forty (40) hours per week, in violation of the FLSA. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 74 and thus denies them.**

75.    Oliver Law Firm's conduct in this regard was a willful violation of the FLSA.

**ANSWER: Defendant denies that Oliver Law Group, P.C.'s conduct in any way was a willful violation of the FLSA.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 75 and thus denies them.**

76.    As a result of Oliver Law Firm's unlawful acts, Plaintiff was deprived of earned wages in amounts to be determined at trial.

**ANSWER: Defendant denies that any of Oliver Law Group, P.C.'s actions were unlawful.  Defendant further denies that Plaintiff was deprived of any earned wages as a result of Oliver Law Group, P.C.'s actions.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 76 and thus denies them.**

## RELIANCE UPON JURY DEMAND

Defendant Oliver Law Group, P.C. relies upon the jury demand made by Plaintiff in this matter.

## RELIEF REQUESTED

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief requested in his Complaint.  Defendant further denies that Plaintiff is entitled to damages, losses, expenses, back wages, attorney's fees, litigation costs, interest, or

any other relief.  Defendant further requests that the Court dismiss Plaintiff's Complaint in its entirety and award Defendant its costs and attorney fees so wrongfully incurred in defending the instant action.

## AFFIRMATIVE DEFENSES

In further answer and by way of affirmative defense, Defendant states that it will rely upon the following, if applicable, and if supported by facts to be determined through discovery:

A.     Plaintiff has failed to state a claim upon which relief can be granted.

B.     Plaintiff's claims may be barred, in whole or in part, by his failure to mitigate his damages, if any.

C.     Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations, doctrines of waiver, estoppel, res judicata, unclean hands, and/or laches.

D.     Plaintiff has failed to join in his Complaint every party and/or claim arising out of the transaction or occurrence that is the subject matter of this action.

E.     Defendant's actions were not the proximate cause, or cause in fact, of any alleged injury of Plaintiff.

F.     Plaintiff's purported damages are purely speculative and without sufficient basis, and therefore, not compensable.

G.    Defendant's actions toward Plaintiff were taken for legitimate, non-discriminatory reasons.

H.    Plaintiff cannot establish a prima facie case as to some or all of his claims.

I.    Defendant reserves the right to amend its Answer to add additional or other affirmative defenses or to delete or withdraw affirmative defenses or to add counterclaims as may become necessary after a reasonable opportunity for appropriate discovery.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief requested in his Complaint.  Defendant further denies that Plaintiff is entitled to damages, losses, expenses, back wages, attorney's fees, litigation costs, interest, or any other relief.  Defendant further requests that the Court dismiss Plaintiff's Complaint in its entirety and award Defendant its costs and attorney fees so wrongfully incurred in defending the instant action.

Respectfully submitted,

Miller, Canfield, Paddock and Stone, P.L.C.

Date:  May 10, 2021          /s/ Richard W. Warren
                             Richard W. Warren (P63123)
                             Attorney for Defendants
                             150 West Jefferson, Suite 2500, Floor 23
                             Detroit, MI  48226
                             313-963-6420
                             warren@millercanfield.com

23

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2021, I electronically filed the foregoing

paper with the Clerk of the Court using the ECF system which will send

notification of such filing to all attorneys of record.

/s/ Richard W. Warren
Richard W. Warren (P63123)
Attorney for Defendants
150 West Jefferson, Suite 2500, Floor 23
Detroit, MI  48226
313-963-6420
warren@millercanfield.com